IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIANNA CASILLAS; LINDA CASILLAS; and CHERYL LANG,<br><br>        Plaintiffs,<br><br>        v.<br><br>COUNTY OF SACRAMENTO; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT; ANTHONY CATHEY; JOHN ROBINSON; SCOTT HARRIS; MARK DICKERSON; DONNA JAMES; BILL MANNERING; LINDA O'CONNOR; APRIL CRUME VICKERS; KEVIN PHILLIPS; GEOFF SUTLIFF; CHARLES TURNER; ASTRID MAYBERRY; ROBERT RINELLI; and DOES 1 through 99, inclusive,<br><br>        Defendants. | 2:06-cv-2605-GEB-DAD<br><br><br><br><br><u>STATUS (PRETRIAL SCHEDULING) ORDER</u> |

        The November 20, 2006, Order Setting Status (Pretrial Scheduling) Conference ("November 20 Order") scheduled a status conference in this case for March 12, 2007, and required the parties to file a joint status report no later than fourteen days prior to the status conference.  The Order further required that a status report be

1

filed regardless of whether a joint report could be procured.[1]  No status report was filed.

       Plaintiffs are Ordered to Show Cause (OSC) in a writing to be filed no later than March 26, 2007, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for their failure to file a timely status report.  Plaintiffs' written response shall also explain whether Plaintiffs have effected service of process on Defendants, and whether Plaintiffs have served Defendants with a copy of the November 20 Order.

       The written response shall also state whether Plaintiffs or their counsel are at fault and whether a hearing is requested on the OSC.[2]  If a hearing is requested, it will be held on May 7, 2007, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time.

---

[1]    As the Order states:

> The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order.  In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

November 20 Order at 2 n.1.

[2]    "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

1 | In accordance with the requirements set forth in the
2 | November 20 Order, the parties shall file a joint status report no
3 | later than fourteen days prior to the status conference.
4 | IT IS SO ORDERED.
5 | Dated:  March 7, 2007

GARLAND E. BURRELL, JR.
United States District Judge